1  Timothy P. Rumberger, Esq., California State Bar #145984
   **LAW OFFICES OF TIMOTHY P. RUMBERGER**
2  1339 Bay Street, Alameda, California 94501
   Phone: (510)841-5500; Fax: (510)521-9700
3  e-mail: tim@rumbergerlaw.com

4  Kevin R. Allen, Esq., California State Bar #237994
   **ALLEN ATTORNEY GROUP**
5  3172 Camino Colorados, Lafayette, California 94549
   Phone: (925)695-4913; Fax: (925)334-7477
6  e-mail: Kevin@allenattorneygroup.com

7  Attorneys for the Plaintiff()s
   And the putative Plaintiff Class(es)

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  JOSE VASQUEZ, individually and on behalf of    )    Case No. _____
    all those similarly situated,                  )
14                                                  )
                                                    )    **COLLECTIVE AND CLASS ACTION**
15          Plaintiff,                              )    **COMPLAINT**
    v.                                              )
16                                                  )    **CLASS ACTION**
    DRAPER AND KRAMER MORTGAGE           )
17  CORP.,                                          )    JURY TRIAL DEMANDED
                                                    )
18          Defendants,                             )
                                                    )
19                                                  )
    _____       )
20

21          Plaintiff JOSE VASQUEZ, on behalf of himself and all others similarly situated

22  (collectively, "Plaintiff"), alleges as follows:

23                            **INTRODUCTION**

24      1.  Plaintiff brings this class and collective action on behalf of himself and other similarly

25  situated individuals who have worked as a Loan Officer/Loan Officer for defendant DRAPER AND

26  KRAMER MORTGAGE CORP., to challenge Defendant's violations of the Fair Labor Standards

27  Act of 1938, 29 U.S.C. Section 201, *et seq.* ("FLSA"); applicable California Labor Code provisions;

28

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

1

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

applicable Industrial Welfare Commission ("IWC") Wage Orders; and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.* ("UCL").

2. This is a collective and class action complaint against DRAPER AND KRAMER MORTGAGE CORP to challenge its policies and practices of denying proper payment of all wages (including minimum, regular, and overtime wages) and commissions, as well as Defendant's failure to authorize, permit and/or make available lawful paid rest breaks, to provide off duty meal periods, and to reimburse Loan Officers for all necessary business expenses incurred in performing their job duties.

3. Plaintiff and members of the putative Collective and Class are current and former Loan Officers of DRAPER AND KRAMER MORTGAGE CORP (hereinafter collectively referred to as "Loan Officers"). A Loan Officer's job involves communicating with loan applicants and potential loan applicants via phone and email, communicating with underwriting and other staff (also usually via phone and email), performing online research and education, and meeting with clients at the employer's office or, sometimes, in the field.

4. Plaintiff seeks to represent other current and former employees who worked as Loan Officers in this collective and class action. Plaintiff alleges that DRAPER AND KRAMER MORTGAGE CORP, has engaged in unlawful patterns and practices in violation of the FLSA and applicable laws of the state of California.

5. DRAPER AND KRAMER MORTGAGE CORP ("DRAPER & KRAMER) is the residential mortgage division of Draper and Kramer, doing business since 1893 as one of America's premier full-service real estate and financial firms, with principal executive offices in Chicago, Illinois, employing Loan Officers in 54 offices in 22 states, including in Berkeley, California, located within the Northern District of California.

6. Plaintiff, and other of Defendant's Loan Officers, were compensated pursuant to the "Full

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500

2

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

Time Loan Officer Sales Compensation Agreement" (hereinafter the "Employment Agreement").

Section §3 of the Employment Agreement provides, in relevant part, that: (i) Loan Officers are paid on the 15th and the last day of each month. Loans funded between the 16th and last day of prior month are paid on the 15th, and loans funded between the 1st and 15th of the current month are paid on the last day of the month. Compensation on loans that are brokered to another lender will not be paid until the Company receives their compensation from that lender.

7.   During the time period covered by this Complaint, Plaintiff and other Loan Officers were not provided with any means by which to track or report their actual hours worked to the Defendant. Accordingly, Defendant failed to maintain records of their actual hours worked.

8.   During the period of time covered by this Complaint, Plaintiff and other Loan Officers did not receive any sort of compensation other than commissions promised in the Employment Agreement. Plaintiff and other Loan Officers who did not have any loans fund during the preceding pay period would not receive wages during that particular pay period. Plaintiff often had pay periods where he worked substantial hours, including overtime, without receiving any pay during that pay period.

9.   During the period covered by this Complaint, Plaintiff and other Loan Officers frequently worked more than eight hours in a day or more than forty in a week and were, therefore, entitled to overtime premiums under California law and/or the FLSA. Defendant failed to pay overtime premiums and instead improperly treated the Plaintiff and other Loan Officers as though they were exempt employees under California law and/or the FLSA. No known exemption, under California law or the FLSA, applies to the work performed by Plaintiff and the other Loan Officers.

10. During the period of time covered by this Complaint, Plaintiff alleges that Defendant has and had a consistent policy of unlawfully withholding commission wages for any Loan Officer who is terminated or otherwise separates from employment with Defendant, which wages would

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

3

CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.

otherwise be timely paid under the contract within 30 days of the Loan Officer having completed all labor resulting in the funding of a mortgage loan or loans originated and sent for final review by the Loan Officer, and indeed, in the case of separation, should be paid upon separation.

11. Specifically, DRAPER & KRAMER's Employment Agreement at §3 provides:

(i)     Loan Officers are paid on the 15th and the last day of each month. Loans funded between the 16th and last day of prior month are paid on the 15th, and loans funded between the 1st and 15th of the current month are paid on the last day of the month. Compensation on loans that are brokered to another lender will not be paid until the Company receives their compensation from that lender.

(ii)    Loan Officer compensation is not "*earned*" until the investor capture period has expired. (This is referred to as an EPO "Early Pay Off" or EPD "Early Payment Default" date.) Commissions paid are therefore considered an *"advance"* and if a loan is paid off to an investor during this recapture period, the commissions are due back to the Company.

12. This provision constitutes an unlawful contrivance by DRAPER & KRAMER to shift the risk of its own profitability (tangential to the Loan Officer's employee's labor, and over which Loan Officer has no control), allowing DRAPER & KRAMER to unilaterally avoid paying Loan Officers commission wages by speciously crafting its internal policy contrary to law -- labeling employee "earned wages" as an "advance" (on labor *already* performed).

13. Moreover, DRAPER & KRAMER's Employment Agreement at §3.6 provides:

In the event that this agreement is terminated, either by the Loan Officer or the Company, for any reason, the Loan Officer will still receive compensation for any Products funded within thirty (30) days of termination, provided this Agreement was not breached by the Loan Officer or this Agreement was not terminated by the Company for willful misconduct of the Loan Officer.

Regardless of the funding date, all commissions will be paid to the Loan Officer in a reasonable timeframe following the expiration of the investor recapture period….

14. This provision, again, constitutes an unlawful manipulation by DRAPER & KRAMER of its statutory duty to pay all wages due upon separation, as clearly and unequivocally required by California Labor Code §203 – not *maybe* pay separated employees for *some* of their labor already performed at some unspecified *future* dates.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

15.  As such, this Complaint seeks immediate payment of wages due and unpaid for all labor performed from the dates Plaintiff and class members separated to the date of resolution of this action, by settlement or judgment.

16. DRAPER & KRAMER's unlawful compensation policy and practice is a notable departure from the "industry standard" in which most all mortgage brokerages compensate their Loan Officers by (1) guaranteeing "minimum wage" compensation for services performed regardless of resulting future profitability for the employer, and (2) by characterizing wage commissions for funded loans as "wages earned" – not "advances" on wages subject to deduction in the event that the Company's decision to fund the loan is ultimately less profitable than anticipated by the Company when making its decision to fund the loan. A loan can be less profitable for a variety of reasons that are completely outside the control of the Loan Officer such as an early payoff or an investor repurchase demand due to a loan deficiency that was not caught by DRAPER & KRAMER or the underwriter after having been submitted by the loan officer  prior to selling the loan to the secondary market investor.

17. This Complaint seeks reimbursement for necessary business expenses incurred by Plaintiff and Loan Officers that were not reimbursed by Defendant's expense reimbursement policy including but not limited to costs incurred for business use of personal cell phones and vehicles as well as costs for internet service.

18. This Complaint also seeks meal and rest break violation pay arising from Defendant's failure to provide Plaintiff and other Loan Officers with all paid rest breaks and off-duty meal periods they were entitled to under California law.

19.  This Complaint further seeks "waiting time" penalties for delayed payments, and recovery of commission wages for loans funded, regardless of whether funded within 30 days, or more than 30 days after separation, for which DRAPER & KRAMER have enjoyed, and are continuing to enjoy, the fruits of class members' labor, despite failing and refusing to pay all wages and

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

5

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

commissions owed to them when their employment was terminated.

20. Despite Defendants' awareness of their departure from lawful and industry standard practices, DRAPER & KRAMER have continued to engage in their unlawful labor practices.

21. As such, the Complaint further seeks Declaratory Relief, by way of Court Order declaring DRAPER & KRAMER's contract provisions mischaracterizing wages for labor successfully performs as "advances," and subjecting those wages to recapture based on the Company's profitability resulting from the performed labor.

22. Instead, Defendant has evidently chosen to maximize its profits and shift the risks of its own funding decisions onto, and at the expense of, their loyal employees – and most severely upon its Loan Officers upon their separation from employment with DRAPER & KRAMER -- despite Defendants receiving the benefits of these class members' labor whilst delaying, if not denying entirely, payment of the wages due to these class members for their labor performed to generate the revenues enjoyed by DRAPER & KRAMER on these funded loans.

23. By the above schemes, DRAPER & KRAMER have amassed profits without properly compensating Plaintiff and the Loan Officers who generated those profits. The failure to properly compensate Plaintiff and Loan Officers deprived them of substantial amounts of pay to which they are entitled under Federal law and the laws of the state of California.

24. Plaintiffs, on behalf of themselves and all members of each of the respective classes and collective, seek damages, interest thereon, restitution, injunctive and other equitable relief, liquidated damages, reasonable attorneys' fees and costs as a remedy for Defendants' numerous dangerous, unlawful and/or deceptive business practices, as detailed herein.

25. As a result of these violations, Plaintiff also seeks full unpaid wages, including unpaid minimum wage, straight time, and overtime, waiting time penalties, premium pay, and penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA"). Plaintiff is also entitled to

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500

6

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

penalties under the laws of California for these same violations. Plaintiff also seeks declaratory and injunctive relief, including restitution.

26. Plaintiff further seeks reasonable attorneys' fees and costs under the FLSA, the California Labor Code and California Code of Civil Procedure § 1021.5, and other laws of the state of California.

## JURISDICTION AND VENUE

27. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

28. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because the Northern District of California is a district where Plaintiff, and many similarly Plaintiff class members situated, did business and executed contracts with Defendant for which services performed by Plaintiff the Defendants have failed to pay wages due for said labor,[1] and thus where a substantial part of the events giving rise to the present claims under 28 U.S.C. §1406(a) occurred.

## THE PARTIES

29. Plaintiff JOSE VASQUEZ is a natural person who was employed by Defendant as a Loan

---

[1]    *E.g.* Plaintiff JOSE VASQUEZ separated from DRAPER & KRAMER on July 23, 2020, with Home Mortgage loan number 20088501 sourced, originated, and "cleared to close reviewed" by Plaintiff, in the amount of $510,000 on a homeowner's property in Kensington, California (within the jurisdiction of the Northern District of California), earning Plaintiff wages due in the amount of $8,166.40, otherwise payable on August 15th, 2020, in the absence of Plaintiff's separation from employment.
    Plaintiff was not paid these wages due upon separation, July 23, 2020.
    Plaintiff was not paid these wages due at the end of the month, on July 31, 2020.
    Plaintiff was not paid these wages due at the next contract date, August 15, 2020, nor August 31, 2020
    Plaintiff was still not paid these wages due this month at the next contract date, September 15, 2020.
    Now 60 days since his separation, Plaintiff has *still* not been paid his wages as of September 22, 2020.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

7

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

Officer, a.k.a. Loan Officer, in California for approximately two years, from September 4, 2018 through July 23, 2020.

30. Plaintiff JOSE VASQUEZ is, and was at all times relevant herein, a member of the California Class and the Collective, as defined herein, below.

31. Defendant DRAPER AND KRAMER MORTGAGE CORP is registered with the California Secretary of State (designating CT Corporation System as its agent for service of process), is registered as doing business in California since September 23, 2003, following its founding in 1997, is incorporated in Delaware, currently maintains principal executive offices at 1431 Opus Place, Suite 200, Downers Grove, Illinois, 60515, and during the claim period has employed and terminated hundreds of Loan Officers in over fifty (50) offices in at least twenty-two (22) states including Alabama, Arizona, nine (9) offices in California (including Berkeley, located within the jurisdiction of the U.S. District Court for Northern California), Colorado, Delaware, the District of Columbia, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Maryland, Michigan, Missouri, Nevada, New Jersey, Oregon, Pennsylvania, Tennessee, Vermont and Virginia.

32. At all relevant times alleged herein, DRAPER & KRAMER MORTGAGE CORP has regularly engaged in business in the State of California, has places of business in the State of California, including in this judicial district, and has employed Collective and putative Class Members in this judicial district. DRAPER & KRAMER MORTGAGE CORP is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. DRAPER & KRAMER MORTGAGE CORP is also an "employer" as that term is used in the California Labor Code, the IWC Wage Orders, and the FLSA.

33. Plaintiff is informed and believes based on reliable, publicly published information, that DRAPER & KRAMER MORTGAGE CORP currently estimates annual revenue of $104.6 million, currently employs over 500 employees, with estimated annual revenue per employee of over

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

8

CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.

$200,000, and boasts employee growth of nearly 10% last year.

**FACTUAL ALLEGATIONS**

34. DRAPER & KRAMER employs hundreds of full-time W-2 Loan Officers, in capacities similar to Plaintiff JOSE VASQUEZ in the position of Loan Officers tasked with self-sourcing, origination and closing mortgage loans consisting of conventional (Fannie Mae/Freddie Mac),[2] FHA,[3] and Non-QM[4] mortgage loans.

35. Plaintiff and Loan Officers' job duties include communicating with loan applicants and potential loan applicants via phone and email, communicating with underwriting and other staff (also usually via phone and email), performing online research and education, and meeting with clients at the employer's officer. Plaintiff and Loan Officers perform almost all of these job duties either at their employer's office or in their own home offices. They spend a minimal amount of time outside these fixed sites in the field meeting with clients and such work is rare and sporadic, not customary, nor regular.

36. Plaintiff's employment terms include those set forth in a written employment agreement drafted exclusively by DRAPER & KRAMER which all its Loan Officers are required to execute.

37. Pursuant to §2.3 of the Employment Agreement, Loan Officers may only offer the DRAPER & KRAMER "products" and may only lock loans with Company approved investors and/or lenders.

38. Pursuant to §2.11 of the Employment Agreement, Loan Officers have no authority to

---

[2]  Fannie Mae and Freddie Mac were created by Congress to provide liquidity, stability and affordability in the mortgage market by purchasing mortgages from lenders and either holding these mortgages in their portfolios or packaging the loans into mortgage-backed securities (MBS) that may be sold. Lenders use the cash raised by selling mortgages to engage in further lending.

[3]  The Federal Housing Administration (FHA) insures mortgage loans allowing lenders to provide more favorable terms to borrowers.

[4]  Non-QM loans don't meet the requirements set by the Consumer Financial Protection Bureau, regulating risky features such as negative amortization, interest-only or balloon payments, and 30-year term lengths.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500

9

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

underwrite or grant approval for any of the Company's "products."

39. Compensation is predicated on a commission wage structure, typically consisting of a flat "basis points" (bps)[5] rate on funded loans with no tiering.

40. As described herein, for years Defendant's policy has been that Loan Officers, including those in California, who are terminated or otherwise separate from employment with DRAPER & KRAMER forfeit their right to timely receive otherwise earned commissions simply by virtue of their having separated from employment with the Company.

41. During the period of time covered by this Complaint, Defendant's commission plan for Loan Officers was described in policy documents and the Employment Agreement for DRAPER & KRAMER Loan Officers. Plaintiff believes and thereupon alleges that DRAPER & KRAMER entered into substantively identical Employment Agreements with all putative Class Members at all times herein relevant.

42. According to Section 3 of DRAPER & KRAMER's Employment Agreement:

a. Loan Officers are paid on the 15th and the last day of each month. Loans funded between the 16th and last day of prior month are paid on the 15th, and loans funded between the 1st and 15th of the current month are paid on the last day of the month. Compensation on loans that are brokered to another lender will not be paid until the Company receives their compensation from that lender.

b. Loan Officer compensation is not "*earned*" until the investor capture period has expired. (This is referred to as an EPO "Early Pay Off" or EPD "Early Payment Default" date.) Commissions paid are therefore considered an *"advance"* and if loan pays off to investor during this recapture period, the commissions are due back to the Company.

43. As set forth above, Plaintiff contends that this provision constitutes an unlawful policy and practice by DRAPER & KRAMER to shift the risk of its own profitability (independent of any Loan Officer's labor, and over which the Loan Officer employees have no control), allowing DRAPER

---

[5] A "basis point" is one-hundredth of one-percent. So 25 bps equals one quarter of one-percent, earning the loan officer $250 on a $100,000 mortgage. Plaintiff's Employment Agreement set his compensation at 160 bps, earning him a commission wage of $1,600 on a $100,000 mortgage when "funded."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

10

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

& KRAMER to unilaterally delay and/or avoid paying Loan Officers commission wages by speciously crafting its internal policy contrary to law -- labeling employee "earned wages" as an "advance" (on labor *already* performed).

44. Moreover, DRAPER & KRAMER's Employment Agreement at §3.6 provides:

> In the event that this agreement is terminated, either by the Loan Officer or the Company, for any reason, the Loan Officer will still receive compensation for any Products funded within thirty (30) days of termination, provided this Agreement was not breached by the Loan Officer or this Agreement was not terminated by the Company for willful misconduct of the Loan Officer.

> Regardless of the funding date, all commissions will be paid to the Loan Officer in a reasonable timeframe following the expiration of the investor recapture period….

45. This provision, again, constitutes an unlawful policy and practice by DRAPER & KRAMER of its statutory duty to pay all wages due upon separation, as clearly and unequivocally required by California Labor Code §203 – not *maybe* pay separated employees for *some* of their labor already performed at some unspecified *future* dates.

46. During his employment, Defendant failed to provide for any method by which to track Plaintiff's hours worked and, accordingly, failed to maintain accurate records of his hours worked as is required by law. Plaintiff is informed, and believes and thereupon alleges that Defendant failed to track hours worked, or maintain records thereof, for other Loan Officers in the putative class and collective.

47. During his employment Plaintiff's compensation consisted solely of commissions. He did not receive any other wages, calculated by the hour, salary, or otherwise. Under the Employment Agreement with his employer, Plaintiff was entitled to be paid "on the 15th and last day of each month. Loans funded between the 16th and last day of prior month are paid on the 15th and loans funded between the 1st and 15th of current month are paid on the last day of the month."

48. During his employment Plaintiff received no compensation for a particular pay period unless loans happened to fund as set forth in the preceding paragraph. Plaintiff often had pay periods where

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

he received no pay of any kind since none of his loans had funded during the pay period preceding the pay day. Plaintiff and other Loan Officers have little to no power to control the timing of when loans funds. Plaintiff is informed, and believes and thereupon alleges that other Loan Officers in the putative class and collective were compensated in the same or similar manner and also had pay periods in which they received little to no pay of any kind from the Defendant despite having worked substantial hours during those pay periods.

49. During his employment, Plaintiff received a commission which compensated him solely for his sales activity. Accordingly, he was not compensated for time spent performing any non-sales related activities such as, without limitation, administrative meetings, training, and reporting. Plaintiff was not paid separately by Defendant for rest breaks. During his employment with Defendant, Plaintiff did not receive any rest break violation pay.

50. Additionally, DRAPER & KRAMER's policies applicable to Loan Officers required Plaintiff and other Loan Officers to remain available at all times during work hours via both cell and email. Defendant did not schedule meal periods into Loan Officers' shifts or provide any way for Loan Officers to track their meal periods or report meal period violations. Accordingly, Plaintiff and Loan Officers were not permitted to take all off-duty meal periods to which they were lawfully entitled to under California law. During his employment with Defendant, Plaintiff did not receive any meal period violation pay.

51. Additionally, DRAPER & KRAMER's policies applicable to Plaintiff and other Loan Officers did not reimburse them for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, in violation of Labor Code Section 2802. By way of example, Defendant required Plaintiff and other Loan Officers to use their personal cell phones for business purposes, such as communicating with Defendant's employees and customers, without providing for any

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

reimbursement towards the cost of the cell phone plan. Defendant also required Plaintiff and other Loan Officers to use their personal vehicles for business purposes, such as making an occasional field visit to a customer, without reimbursing them for costs incurred for such use. Additionally, Defendant provided Plaintiff and other Loan Officers with laptops for work purposes but failed to reimburse them for costs incurred paying for internet service(s) necessary to use the work laptop.

52. Plaintiff's employment with Defendant ended on July 23, 2020. Plaintiff was not compensated for all wages owed to him on his last day of employment.

53. On July 31, 2020, Plaintiff emailed Defendant's Human Resources manager Karla Beinborn asking why he had not yet received the auto-deposit for his commission wages earned and otherwise due that date in the unpaid amount of $16,870.40 on loans he had previously "cleared to close" and "sent for final review" exceeding $1 million ($1,054,400) which  had been fully "funded" July 1–15, 2020, prior to his separation from the Company.

54. DRAPER & KRAMER Human Resources manager Karla Beinborn responded the same day stating:

> "Sorry Jose, once a loan officer is separated from the company the commissions are pulled to be held for the investor EPO period. Section 3.6 of your contract. Once I know the EPO periods, I can send you a loan detail of all future payroll dates."

55. As of the date of this filing, September 4, 2020, over six weeks have passed since his separation from DRAPER & KRAMER, yet Plaintiff JOSE VASQUEZ *still* has not been paid any of his wages due for labor performed prior to his July 23, 2020 separation. Indeed, DRAPER & KRAMER has not yet informed Plaintiff which of the loans he was working on at the time of his termination have been funded and sold on the secondary market and/or when he will be paid on such loans.

56. As of the date of Plaintiff's separation from employment, he had pending over $9 million in mortgage loan volume ($9,143,300) preparing to close, portending commission wages in the amount

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

13

CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.

of $146,292.84 in commission wages payable to him upon funding.

57. Plaintiff was a DRAPER & KRAMER Loan Officer and allegedly subject to Defendants policies and wage payment practices, consistent with the terms set forth in the standard Employment Agreement DRAPER & KRAMER entered into with Plaintiff.

58. Plaintiff believes and thereupon alleges that during the applicable time period DRAPER & KRAMER has delayed and/or failed and refused to timely pay, or pay at all, earned commission wages to numerous Loan Officers in California simply because they were terminated or otherwise separated from employment with DRAPER & KRAMER.

59. Defendant's refusal to pay all wages due to Plaintiff and other Loan Officers their earned commission wages at time of termination is a blatant violation of the California Labor Code, including Sections 201-203.

60. California Labor Code §§201 and 202 require Defendant to pay severed employees all wages due and owed (including commissions) to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code §203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

61. Plaintiff and all persons similarly situated are entitled to their unpaid commissions and other wages, yet, to date, have not received such compensation despite having their employment terminated by Defendant. More than 30 days have passed since Plaintiff and certain other Loan Officers in California have left Defendant's employ.

62. As a consequence of Defendant's willful conduct in not paying former employees all compensation owed in a prompt and timely manner, Plaintiff and Class Members are entitled to up to 30 days wages as a penalty under Labor Code §203, together with attorneys' fees and costs.

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

14

CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.

63. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, as described above, including unpaid commissions, in an amount to be established at trial

64. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Class Members are entitled to recover "waiting time" penalties (pursuant to California Labor Code §203) in an amount to be established at trial.

65. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are also entitled to recover costs and attorneys' fees pursuant to California Labor Code §218.5, 1194 and/or California Civil Code §1021.5, among other authorities.

66. Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future.

67. Plaintiff also seeks restitution of costs incurred by Plaintiff and Class Members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while the Plaintiff and Class Members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Plaintiff Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

68. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of a proposed collection of similarly situated employees defined as:

> All current and former employees of Defendant who worked as Loan Officers or Home Mortgage Consultants throughout the United States during the time period three years prior to the filing of the complaint until resolution of this action (the "Collective").

69. Plaintiff, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to accurately

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

record and compensate for all hours worked, failing to pay Plaintiff for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

70. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

71. The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice that resulted in their not receiving all overtime premium to which they were entitled and often to work without pay during a particular pay period if none of their loans funded during the preceding pay period, in violation of the FLSA.

72. Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

73. Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

74. The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

///

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

16

CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.

## **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

75. Plaintiff brings the second through seventh causes of action (the California state law claims) as an "opt-out" class action pursuant to Federal Rules of Civil Procedure 23. The putative California Class is initially defined as:

> All current and former employees of Defendant who worked as Loan Officers or Home Mortgage Consultants in California during the time period four years prior to the filing of the complaint until resolution of this action (the "California Class").

76. Additionally, Plaintiff brings the second cause of action (for late payment penalties under Labor Code Section 203) on behalf of a subclass initially defined as:

> All former employees of Defendant who worked as Loan Officers or Home Mortgage Consultants in California and whose employment terminated during the time period four years prior to the filing of the complaint until resolution of this action (the "California Former Employee Subclass").

77. Plaintiff reserves the right to modify the class or subclass definitions as appropriate.

**78.** Defendants, their officers, directors and employees, as well as the Judge(s) assigned to this matter, the jury in this case and the members of their immediate families and Plaintiff's counsel's law firm(s) are excluded from this class.

79. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation, and membership in the proposed classes is easily ascertainable:

    a.  Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical, if not impossible. Plaintiff is informed and believes and, on that basis, alleges that the total number of class members is in the hundreds of individuals. Membership in the class will be determined by analysis of Defendant's records;

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

b. <u>Commonality</u>: The Plaintiff and the class members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

   i. Whether defendant DRAPER & KRAMER violated the applicable IWC Wage Order and/or Labor Code, including those provisions pertaining to minimum wage and overtime compensation, by failing to compensate members of the California Class in any amount when no loans funded during the preceding pay period;

   ii. Whether members of the California Class were properly classified as exempt from California's IWC wage order requirements for minimum wage and/or overtime for each pay period in which they were not paid overtime premiums during the applicable Class Period;

   iii. Whether defendant DRAPER & KRAMER violated the applicable IWC Wage Order and/or Labor Code provisions by failing to pay all commission wages and other compensation (including overtime premiums) owed to Class Members at the time of their termination;

   iv. Whether Defendant's common policies provided Class Members with paid off duty rest breaks as required by law and/or break violation wages in lieu thereof;

   v. Whether Defendant's common policies provided Class Members with off-duty meal periods as required by law and/or meal period violation wages in lieu thereof;

   vi. Whether Defendant's expense reimbursement policies violated California

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

18

CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.

law by not providing for reimbursement for business usage of personal cell phones, personal vehicles and for internet service costs;

vii. Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code §203;

viii. Whether defendant DRAPER & KRAMER violated California Labor Code §§201-204 and §510 by failing to pay overtime wages due and owing at the time that Class Members' employment with Defendant terminated;

ix. Whether interest is due on all delayed and/or unpaid wages from the dates class members' labor was performed to the date of wage payment, and in what amounts,

x. Whether defendant DRAPER & KRAMER violated California Business and Professions Code §17200, *et seq.* by failing to pay by failing to pay all commissions owed to Class Members at the time of their termination.

xi. The liability of the named Defendant for their failure to pay all wages due to class members upon separation, and the merits of any defenses to liability available to Defendant;

xii. The profits realized from Defendant's practice of delaying and denying payment of wages earned by Class Members due at the time of separation;

xiii. Whether class-wide declaratory relief is an appropriate remedy by which to clarify the rights and duties of the parties;

xiv. Whether class-wide injunctive relief is an appropriate remedy by which to prevent and/or halt the violations alleged herein from continuing;

xv. Whether Plaintiffs' and class members are entitled to any other relief, the amount and nature of such relief and/or restitution.

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

19

CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.

1    c.    <u>Typicality</u>:  The Plaintiff's claims are typical of the claims of the class.  Plaintiff and

2    all members of the class sustained economic damages arising out of and caused by

3    Defendant's common course of conduct in violation of law, as alleged herein.

4    e.    <u>Adequacy of Representation</u>: The Plaintiff in this class action is an adequate

5    representative of the class in that the Plaintiff has the same interest in the litigation

6    of this case as class members, is committed to vigorous prosecution of this case, and

7    has retained competent counsel who is experienced in conducting class action

8    litigation of this nature. The Plaintiff is not subject to any individual defenses unique

9    from those conceivably applicable to other class members or the class in its entirety.

10    The Plaintiff anticipates no management difficulties in this litigation.

11    f.    <u>Superiority of the Class Action procedure</u>: Since the damages suffered by individual

12    class members, while not inconsequential, may be relatively small, the expense and

13    burden of individual litigation by each member makes or may make it impractical

14    for members of the class to seek redress individually for the wrongful conduct alleged

15    herein. Should separate actions be brought or be required to be brought, by each

16    individual member of the class, the resulting multiplicity of lawsuits would cause

17    undue hardship and expense for the Court and the litigants. The prosecution of

18    separate actions would also create a risk of inconsistent rulings that might be

19    dispositive of the interests of other class members who are not parties to the

20    adjudications and/or may substantially impede their ability to adequately protect their

21    interests.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201,** *et seq.*
**(By Plaintiff and the Collective against Defendant)**

80. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

*Law Offices of*
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

herein.

81. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a) (1).

82. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. *See* 29 U.S.C. § 203(e).

83. Defendant DRAPER & KRAMER is a covered employer required to comply with the FLSA's mandates. *See* 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

84. Defendant violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and failing to pay the legally mandated overtime premium and/or minimum wage owed to them. *See* 29 U.S.C. § 206; 29 C.F.R. § 531.35; 29 U.S.C. § 207 (a), (g).

85. Defendant also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

86. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to Defendant's current and former Loan Advisors throughout the United States.

87. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

88. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omission were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount

*Law Offices of*
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

89. As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

90. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.


**SECOND CAUSE OF ACTION**
**Failure to Pay Wages on Termination**
**California Labor Code § 203**
**(By Plaintiff and the California Former Employee Subclass against Defendant)**

91. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

92. California Labor Code Section 200 provides that, as

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

93. California Labor Code §203 provides that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

94. The Class Members, including Plaintiff, were employed by Defendant and separated during the class period.

95. During their employment, Defendant failed and/or refused to pay Plaintiff, and members of

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

22

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

the subclass, all wages owed to them in violation of California's minimum wage and overtime laws. Defendant only paid commissions, and Plaintiff and Class Members often had pay periods where they received no compensation whatsoever despite having worked substantial hours, including hours subject to overtime premium requirements, during said pay period. Said non-payment of wages to Plaintiff and Class Members was the direct and proximate result of a willful refusal to do so by the Defendant.

96. The timing requirements in Labor Code Section 203 apply to all wages which includes wages paid in the form of a commission. Despite this requirement, DRAPER & KRAMER refused to pay Plaintiff and other Loan Officers all commission wages owed at time of termination, and even though the Defendant had all information needed to calculate the commission amounts owed at that time. Said non-payment of commission wages to Plaintiff and Class Members was the direct and proximate result of a willful refusal to do so by the Defendant.

97. Additionally, and as alleged more fully herein, Defendant only paid Plaintiff and Class Members a commission and was, therefore, required to provide separate compensation for paid rest breaks. *See Vaquero v. Stoneledge Furniture, LLC* (2017) 9 Cal. App. 5th 98, 117 ("Because Stoneledge did not separately compensate sales associates for rest periods as required by California law, the trial court erred in granting summary adjudication on the plaintiffs' cause of action for violation of section 226.7"). Defendant failed to provide any separate compensation for rest breaks.

98. More than thirty days have elapsed since certain Class Members were terminated from Defendant's employ.

99. As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all wages they were owed (including minimum wage, overtime premiums, pay for rest breaks, and unpaid commissions) affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to Labor Code §203, together with interest thereon,

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

1  and attorneys' fees and costs.

2      100.    Wherefore, Plaintiff and the California Former Employee Subclass pray for

3  judgment as set forth below.

4
                        **THIRD CAUSE OF ACTION**
5                       **Failure to Pay All Wages Owed**
                      **California Labor Code §§ 510, 1194**
6            **(By Plaintiff and the California Class against Defendant)**

7      101.    Plaintiff incorporates in this cause of action each and every allegation of the

8  preceding paragraphs, with the same force and effect as though fully set forth herein.

9      102.    California Labor Code Section 510(a) provides that,

10
11         (a) Any work in excess of eight hours in one workday and any work in excess
           of 40 hours in any one workweek and the first eight hours worked on the
12         seventh day of work in any one workweek shall be compensated at the rate of
           no less than one and one-half times the regular rate of pay for an employee.

13     103.    California Labor Code Section 1194(a) provides that,

14
15         (a) Notwithstanding any agreement to work for a lesser wage, any employee
           receiving less than the legal minimum wage for the legal minimum
16         compensation applicable to the employee is entitled to recover in a civil action
           the unpaid balance of the full amount of this minimum wage or overtime
17         compensation, including interest thereon, reasonable attorneys' fees, and costs
           of suit.

18     104.    California Labor Code Section 1197 provides that,

19
20         The minimum wage for employees fixed by the commission is the minimum wage to
           be paid to employees, and the payment of a less wage than the minimum so fixed is
21         unlawful.

22     105.    Effective January 1, 2016, California's minimum wage for all industries was $10.00

23  an hour. Effective January 1, 2017, California's minimum wage for all industries was $10.50 per

24  hour for employers with 26 or more employees and $10.00 per hour for employers with 25 or fewer

25  employees. Effective January 1, 2018, California's minimum wage for all industries was $11 per

26  hour for employers with 26 or more employees and $10.50 per hour for employers with 25 or fewer

27  employees. On January 1, 2019, the minimum wage increased to $12 per hour for employers with

28

Law Offices of
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500

24

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

26 or more employees and $11 per hour for employees with 25 or fewer employees. Effective January 1, 2020, the minimum wage increased to $13 per hour for employers with 26 or more employees and $12 per hour for employees with 25 or fewer employees.

106.     As alleged herein, Defendant's common pay policies and practices only provided for Plaintiff and Class Members to receive a commission. Under the Employment Agreement, Defendant failed to pay Plaintiff and members of the California Class any wages during pay periods in which no loans funded during the preceding pay period. Additionally, even during those pay periods in which Plaintiff and Class Members received commissions, the amount received was often insufficient to satisfy California's minimum wage requirements during that pay period.

107.     Additionally, the commission paid to Plaintiff and Class Members only compensated them for activities that were associated with making sales. They received no compensation for rest breaks or other non-sales related activities such as, without limitation, processing loan applications, receiving training, management responsibilities, internal reporting requirements or dealing with underwriting.

108.     The above constitutes a violation of California's minimum wage requirements which require that an employee paid only via a commission still receive at least the minimum wage for all hours worked during that pay period.

109.     Additionally, members of the Former Employee Subclass, including Plaintiff, were employed by Defendant and separated from their employment with DRAPER & KRAMER during the class period.

110.     Solely because of their termination, Defendant caused them to forfeit commission wages or delay receipt thereof, that they earned at the overtime rate, and would otherwise have received had they separated from employment with Defendant. Said non-payment of commission wages to Plaintiff and Class Members was the direct and proximate result of a willful refusal to do

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

so by the Defendant.

111.      As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all compensation they were owed (including minimum wage pay, overtime premiums, pay for rest breaks, and withheld commissions), affected Class Members are entitled to recover such unpaid wages pursuant to Labor Code §§ 510, 1194(a) and 1187 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs, pursuant to Labor Code §1194.

112.      Wherefore, Plaintiff and the California Class pray for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
**Failure to Authorize and Permit Rest Periods or Pay Wages for Missed Rest Periods**
**California Labor Code § 226.7**
**(By Plaintiff and the California Class against Defendant)**

113.      Representative Plaintiff re-alleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

114.      As alleged herein, Defendant has maintained a policy and/or practice whereby Representative Plaintiff and Class Members were and are misclassified as independent contractors. As such, Defendant has systematically failed and/or refused to authorize or permit Class Members, including Plaintiff, to take an uninterrupted 10-mnute rest break for every 4 hours worked or major fraction thereof, as guaranteed to them as employees under California Labor Code Section 226.7 and Wage Order 9-2001.

115.      Wage Order 9-2011, paragraph 12, requires an employer to pay an employee an additional hour of compensation for every shift in which said employee was not authorized or permitted to take a mandated rest period. California Labor Code section 226.7, subdivision (b), likewise requires an employer to pay an employee an additional hour of compensation for every shift that a rest period mandated by the California Wage Orders is not provided.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

116.    At all relevant times herein, Defendant failed or refused to provide Representative Plaintiff and Class with additional compensation for missed rest periods required by California Labor Code Section 226.7 and Wage Order 9-2001.

117.    Based on Defendant's conduct, as alleged herein, Defendant is liable to the Representative Plaintiff and Class Members for their unpaid premium wages for missed rest periods, pursuant to California Labor Code Section 226.7 and Wage Order 9-2001.

118.    Wherefore, the Representative Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### Failure to Provide Meal Periods or Pay Wages for Missed Meal Periods
### California Labor Code §§ 226.7, 512
### (By Plaintiff and the California Class against Defendant)

119.    Plaintiff re-alleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

120.    As alleged herein, Defendant systematically failed and/or refused to allow Plaintiff to take an uninterrupted, off-duty meal break of at least 30 consecutive minutes in duration for all shifts in excess of 5 hours, as guaranteed under California Labor Code Section 226.7 and 512, and the applicable IWC Wage Order.

121.    Section 11 of the applicable IWC Wage Order requires an employer to pay an employee an additional hour of compensation for every shift in which said employee was not authorized or permitted to take an off-duty meal period. California Labor Code section 226.7, subdivision (b), likewise requires an employer to pay an employee an additional hour of compensation for every shift that a meal period mandated by the California Wage Orders is not provided.

122.    At all relevant times herein, Defendant failed or refused to provide Plaintiff with lawful meal periods or with additional compensation for missed meal periods as required by California Labor Code Section 226.7 and 512, and Wage Order 9-2001.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500

27

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

123.     Based on Defendant's conduct, as alleged herein, Defendant is liable to the Plaintiff for her unpaid premium wages for missed meal periods, pursuant to California Labor Code Section 226.7 and 512, and Wage Order 9-2001.

Wherefore, Plaintiff prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION
**Failure to Reimburse Business Expenses**
**California Labor Code § 2802**
**(By Plaintiff and the California Class against Defendant)**

124.     Representative Plaintiff re-alleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

125.     Pursuant to California Labor Code section 2802, Defendant is required to indemnify Representative Plaintiff and other Class Members for the expenses and losses incurred during the performance of their job duties. The purpose of this statute is to prevent employers from passing their operating expenses on to their employees. *See Gattuso v. Harte-Hanks, Shoppers, Inc.* (2007) 42 Cal.4th.554, 562.

126.     In violation of Labor Code section 2802, Defendant required Plaintiff and Class members to pay expenses for which they should have been reimbursed under the law including, but not limited to, costs incurred using their personal vehicles and personal cell phones for business purposes as well as costs incurred for internet service used to perform work at home using the company laptop Defendant provided to the Loan Officers.

127.     Representative Plaintiff and Class Members seek to recover these expenses from Defendant, plus interest thereon, reasonable attorneys' fees, and costs, in an amount to be proven at trial.

Wherefore, the Representative Plaintiff prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION
**Unfair Business Practices Under the Unfair Competition Law**
**California Business & Professions Code §§ 17200-17208**
**(By Plaintiff and the California Class against Defendant)**

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

128.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

129.    California Business and Professions Code §17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

130.    Beginning at an exact date unknown to Plaintiff, but continuing during the Class Period, Defendant committed unlawful acts as defined by California Business and Professions Code §17200. Defendant's unlawful and unfair business practices include, but are not necessarily limited to violations of the requirements of Labor Code §§ 203, 218.5, 510, 1194(a), and 1197 and the applicable Wage Orders.

131.    The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates herein.

132.    Defendant's knowing failure to adopt policies in accordance with, and/or to adhere to these laws, all of which are binding upon and burdensome on its competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business and Professions Code § 17208.

133.    Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. As a direct and proximate result of the aforementioned acts, the Plaintiff was injured and suffered the loss of money in the amount of forfeited commissions that they were otherwise entitled to receive. Plaintiff is entitled to restitution pursuant to Business and Professions Code §§17203 and 17208 for all wages (including minimum wage, overtime premiums, wages owed for rest breaks, and unlawfully withheld commissions) and expense reimbursements (for business use

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

of personal cell phones, vehicles, and internet service) owed to them as a result of Defendant's unlawful and unfair conduct as alleged herein.

134.    Plaintiff's success in this action will enforce important rights affecting the public interest.  Plaintiff and the California Class seek, and are entitled to, injunctive relief as well as all other appropriate equitable remedies. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the wrongful business practices alleged herein.

135.    Wherefore, Plaintiff and the California Class prays for judgment as set forth below.

<u>**RELIEF SOUGHT**</u>

WHEREFORE, the Plaintiff, on behalf of himself and the proposed Plaintiff Class(es), prays for judgment and the following specific relief against Defendant, as follows:

1.  Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and all other laws of the state of California;

2.  For a declaratory judgment that DRAPER & KRAMER violated Business and Professions Code § 17200, et seq., as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

3.  For a declaratory judgment that DRAPER & KRAMER violated the Fair Labor Standards Act as alleged herein;

4.  For an equitable accounting to identify, locate, and restore to all current and former Plaintiff the wages they are due, with interest thereon.

5.  For an order awarding Plaintiff, the Collective, Class, and all aggrieved employees liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff, the Collective, and the Class, together with interest on these amounts, according to proof;

6.  For an order awarding Plaintiff, the Collective and the Classes civil penalties pursuant to the FLSA with interest thereon;

7.  For an order awarding Plaintiff and the California Class civil penalties pursuant to the Labor

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

Code provisions cited herein, with interest thereon;

8. That the Court declare that the provisions delaying and/or denying DRAPER & KRAMER Loan Consultants / Loan Officers set for in Defendants' standard Employment Agreements and its written policies and procedures are unconscionable, unlawful and unenforceable;

9. For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the FLSA, laws of the state of California, and/or other applicable law;

10. For an award of liquidated damages pursuant to the FLSA;

11. For all costs of suit;

12. For interest on any damages and/or penalties awarded, as provided by applicable law;

13. For all other Orders, findings and determinations identified and sought in this Complaint;

14. For such other and further relief as this Court deems just and proper..

## JURY DEMAND

Plaintiff hereby demands trial by jury on all claims and issues for which Plaintiff, the Collective, and Class/Subclass(es) are entitled to a jury.

Respectfully submitted,

DATED:  September 22, 2020

By: _____

TIMOTHY P. RUMBERGER, Esq.
KEVIN R. ALLEN, Esq.

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**

1     Counsel for Plaintiffs
      and Class Counsel for all putative Class Members

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**CLASS ACTION COMPLAINT -- VASQUEZ v DRAPER AND KRAMER MORTGAGE CORP.**